IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD ROSS** | : | **CIVIL ACTION** |
| **v.** | : | |
| **TROY LEVI** | : | **NO. 07-CV-5067** |

**M E M O R A N D U M**

PRATTER, J.                                                                                                     MARCH 13, 2008

On May 18, 2006 a federal jury found Edward Ross guilty of ten counts of a Superceding Indictment (Crim. No. 05-398-1).[1] On January 9, 2008, after the Court denied certain post-trial motions filed by Mr. Ross (with the assistance of counsel) under Rules 29 and 33 of the Federal Rules of Criminal Procedure, the Court sentenced Mr. Ross to 480 months' imprisonment together with certain fines and a special assessment.

On November 28, 2007, before Mr. Ross had been sentenced, he filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 (Civ. Action No. 07-5067, Docket No. 1). In keeping with conventional docket-assignment procedures in this District, the Petition was assigned to this Court's docket. Mr. Ross's Petition largely focuses on his argument that the Government failed to disclose certain exculpatory evidence prior to trial in violation of Brady v. Maryland, 373 U.S. 83 (1963).[2]

In addition, on December 18, 2007, Mr. Ross filed a motion requesting that I recuse as

---

[1] After trial and prior to sentencing, two counts of the Superceding Indictment were dismissed upon motion by the Government.

[2] While he raises claims of prosecutorial misconduct, ineffective assistance of counsel, and abuse of the Court's discretion, all of these arguments revolve around his Brady claim. His Petition also claims that the Government failed to prove certain elements of the offenses for which he was convicted.

the presiding judge in his habeas proceedings.

On January 11, 2008, Mr. Ross appealed his conviction and sentence to the Third Circuit Court of Appeals. As of the date of this Memorandum and Order, Mr. Ross's appeal is still pending.

I presided over Mr. Ross's trial and sentencing, and I adjudicated Mr. Ross's post-trial motions. In his motion to recuse, Mr. Ross argues that I should recuse from his habeas corpus proceedings because during his trial, and with respect to his post-trial motions, I rendered rulings that were unfavorable to him. Specifically, he claims that I was "aware" that the Government committed a Brady violation during trial, yet I allowed trial to continue "without appropriate remedies of any sort." (Mot. 1.) He argues that, considering my past involvement and familiarity with his criminal case, I would be unable to rule on his habeas petition in a fair, neutral and unbiased manner.

Mr. Ross does not cite any statutory authority that, he believes, requires recusal in this case. However, the primary federal recusal statute may be found at 28 U.S.C. § 455.[3] Title 28

---

[3] In addition, a party may move to disqualify a judge on the basis of that judge' bias or prejudice under 28 U.S. § 144.  Title 28 U.S. § 144 provides:
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

2

U.S.C. § 455 provides numerous bases for which a judge may be disqualified, of which only § 455(a) and (b)(1) are arguably relevant here. These sections provide that:[4]

> (a) Any justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455(a)-(b)(1).

A party seeking recusal need not show actual bias on the part of the court, only the appearance of bias or impartiality. Liteky v. United States, 510 U.S. 540, 553 (1994). In considering whether recusal is required or appropriate under § 455(a) or (b)(1), courts account for what is referred to as the "extrajudicial source" factor or limitation. Id. at 552-55. This limitation provides that, absent a "deep-seated favoritism or antagonism" evinced by a judge, "neither judicial rulings nor opinions formed by the judge on the basis of facts introduced or events occurring during current or prior proceedings are grounds for recusal." Washington v. Sobina, 471 F. Supp. 2d 511, 515 (E.D. Pa. 2007) (citing Liteky v, 510 U.S. at 555; Johnson v. Carroll, 369 F.3d 253, 260 (3d Cir. 2004)). "[J]udicial rulings alone almost never constitute a

---

28 U.S.C. § 144. Mr. Ross did not file an affidavit with his motion, or accompany his motion with a certificate of counsel of record. However, even if he had moved for recusal under 28 U.S.C. § 144, and had filed an affidavit reciting the same arguments he presented in the instant motion, it would not have been "sufficient" because of the "extrajudicial source" factor discussed below.

[4] The other bases for disqualification are not relevant to the alleged bias perceived by Mr. Ross. They include, inter alia, participating in the proceeding in some capacity other than as judge, having a financial interest in the controversy, and having a third degree relationship with any parties to the proceeding, among others. See 28 U.S.C. § 455(b)(2)-(5).

valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555.  When the alleged bias "stem[s] from facts gleaned during judicial proceedings themselves," recusal is not warranted unless the judge's actions "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." Id.; see also In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions, 148 F.3d 283, 343 (3d Cir. 1998) (noting that the bias "must be particularly strong in order to merit recusal").  Under § 455(a), which is broader than § 455(b)(1), the pertinent inquiry is "whether a reasonable person knowing all the circumstances would harbor doubts concerning the judge's impartiality." Mass. School of Law at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997).  "The ultimate issue is whether the public can have confidence in the integrity of the court's judgments." Washington, 471 F. Supp. 2d at 515 (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860).  To this end, the proponent of recusal must identify facts that "might reasonably cause an objective observer to question [the Judge's] impartiality." Id. (citing Liljeberg, 486 U.S. at 865).

Mr. Ross does not allege any extrajudicial influences or facts.  To the contrary, he solely points to rulings and actions taken in my judicial capacity throughout the duration of his trial and post-trial proceedings.  He then repeats the same arguments that he previously has made as evidence that I am prejudiced against him.  Specifically, he points to my rulings during his trial related to the Government's alleged Brady violations, and my August 31, 2007 Memorandum and Opinion (Crim. No. 05-398-1, Docket No. 89) denying his Rule 29 and 33 motions concerning this and other issues.  However, while they may be grounds for appeal, Mr. Ross's arguments are not grounds for recusal.  As noted above, Mr. Ross has taken advantage of this option by appealing his conviction.  Accordingly, Mr. Ross's motion will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD ROSS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **TROY LEVI** | : | **NO. 07-CV-5067** |
| | : | |

**O R D E R**

**AND NOW**, this 14th day of March, 2008, upon consideration of Mr. Ross's motion (Civ. Action No. 07-5067, Docket No. 3), **IT IS ORDERED** that the motion (Civ. Action No. 07-5067, Docket No. 3) is **DENIED**.

In addition, Mr. Ross is hereby notified that, with respect to his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Civ. Action No. 07-5067, Docket No. 1), Mr. Ross, at his option, may:

(1) Have his § 2241 motion ruled upon as filed; **or**

(2) Have his § 2241 motion recharacterized as a 28 U.S.C. § 2255 motion and heard as such, but if he so chooses, he will lose his ability to file successive § 2255 petitions absent certification by the court of appeals;[5] **or**

---

[5] Title 28 U.S.C. § 2244(b)(1) requires that a federal court must dismiss any claim in a second or successive habeas corpus petition that <u>was</u> presented in a prior habeas corpus petition.
   Title 28 U.S.C. § 2244(b)(2) requires that a federal court must dismiss any claim in a second or successive habeas corpus petition that <u>not</u> presented in a prior habeas corpus petition unless the petitioner shows:
   (A) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
   (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.
28 U.S.C. § 2244(b)(2).
   Before a second or successive petition may be filed in the district court, the petitioner

    (3)    Withdraw the instant motion, and file one all-inclusive § 2255 petition within the one-year statutory period pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2244(d)(1).

Mason v. Meyers, 208 F.3d 414, 418 (3d Cir. 2000) (citing United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999)).[6]

Mr. Ross has a direct appeal from his conviction pending and, therefore, he also is hereby notified that collateral attacks upon convictions by way of § 2241, § 2255 or otherwise while a direct appeal is pending are disfavored as a matter of judicial economy. Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999).

---

must move in the court of appeals for an order authorizing the district court to consider the petition. Petitioner's motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals, which must grant or deny the motion within thirty (30) days. The court of appeals may grant the motion and authorize the filing of a second or successive application only if it determines that the petition makes a prima facie showing that it satisfies either (A) or (B) above. See 28 U.S.C. § 2244(b)(3).

[6] In Miller and Mason the Court of Appeals "recounted how the AEDPA had 'dramatically altered the form and timing of habeas petitions in the federal courts' and observed that petitioners 'must marshal in one § 2255 writ all the arguments they have to collaterally attack their convictions.'" Mason, 208 F.3d at 417-18 (quoting Miller, 197 F.3d at 649). The Court of Appeals held that a district court should not prevent a pro se petitioner from presenting all of his claims in one fulsome § 2255 attack upon his conviction, and required that district courts provide certain prophylactic "notice" measures before either re-characterizing a post-conviction motion as a § 2255 motion or ruling on a § 2255 motion denominated as such when the petitioner is proceeding pro se. See id. The requisite "Miller notice" is provided above in numbered items (1) through (3).

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of entry of this Order Mr. Ross shall inform the Court in writing as to which of the three options presented above he has chosen.

BY THE COURT:

<u>S/Gene E.K. Pratter</u>
Gene E.K. Pratter
United States District Judge